PEOPLE ex rel. HOROWITZ v. COGGEY, Commissioner of Correction.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

VAGRANCY (§ 5*)—PUNISHMENT—DISCHARGE.

Under the express provisions of Greater New York Charter (Laws 1897, p. 249, c. 378, as amended by Laws 1901, p. 298, c. 466, as amended by Laws 1905, p. 1568, c. 638) § 710, one committed for vagrancy is not entitled to be discharged before the expiration of the period of commitment on the order of the commissioner of corrections without the written consent of the court or magistrate committing him.

[Ed. Note.—For other cases, see Vagrancy, Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Bella Horowitz, against John V. Coggey, as commissioner of corrections of the city of New York. From an order granting a peremptory writ of mandamus, defendant appeals. Order modified, and, as modified, affirmed.

For prior report, see 115 N. Y. Supp. 195.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Theodore Connoly, for appellant.
Moses H. Rothstein, for respondent.

HOUGHTON, J. The relator was convicted by a magistrate of the city of New York of a violation of the provisions of section 141 of the tenement house law. Laws 1901, p. 920, c. 334. That section provides that a woman who shall violate its provisions shall be deemed a vagrant, and that the procedure against her shall be the same as that provided by law for other cases of vagrancy. By various laws persons convicted of various crimes in the several boroughs of the city of New York are directed to be committed to specified penal institutions, including the workhouse on Blackwells Island, for various terms, and by section 707 of the Greater New York charter (Laws 1897, p. 247, c. 378, as amended by Laws 1901, p. 294, c. 466, as amended by Laws 1905, p. 1564, c. 638), it is specifically provided that all persons convicted upon a charge of vagrancy (except those of certain ages) in the boroughs of Manhattan and the Bronx shall be committed to such workhouse for the term of six months. Section 708 of the charter provides that, where any person shall be committed to such workhouse under the provisions of section 707 (except under subdivision 2 thereof, which does not apply to the present controversy), the superintendent, warden, or sheriff having charge of such institution within 24 hours shall ascertain from the records of the institution whether the person so committed has within two years next preceding been previously committed to such institution upon conviction for public intoxication, disorderly conduct, or vagrancy, and shall transmit to the commissioner of corrections of the city of New York, which office this defendant holds by certificate, what he discovers in that regard, as well as certain other facts not material

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the present inquiry. Within two days after such commitment, it is provided by section 710 to be the duty of the commissioner of corrections to examine such certificate, and ascertain whether the person so committed has been committed to the institution within two years next preceding for any of such offenses, and thereupon to make a written order specifying the date less than the six months period at which said persons shall be discharged; and, where the person convicted and so sentenced has not previously been committed to such institution within such two-year period, it is provided .that the order of the commissioner shall direct that such person be discharged at the expiration of five days from the date of 'commitment; and, where he has once before within the period been committed to such institution, the order shall direct that such person be discharged at the expiration of twenty days from the date of commitment, as well as direct by order certain other things not material to the present controversy. In the case of commitment for vagrancy, however, the order of the commissioner is not self-operating, for the same section specifically provides that, where a person shall have been committed upon a conviction of vagrancy, no order of the commissioner for discharge before the period fixed by the warrant of commitment shall be made without the written consent indorsed upon such order of the court or magistrate by which or by whom such vagrant was committed. The relator having been convicted of vagrancy in the borough of Manhattan, the magistrate sentenced her, as he was required to do, to the workhouse on Blackwells Island for the period of six months. By her petition the relator set forth her conviction and commitment, and that it was her first offense and first commitment to that institution, and that the commissioner, this defendant, had failed to make any order, although more than two days had passed with respect to her discharge. These facts are not denied.

The law expressly commands the superintendent or warden of the workhouse on Blackwells Island and those in charge of the various other institutions mentioned in section 708 of the charter, within 24 hours of commitment of any person for public intoxication, disorderly conduct, or vagrancy, to transmit by certificate to the commissioner the facts specified, and the law is equally mandatory with respect to the commissioner, and it is his duty within two days to make an order thereon. As the case stands, the defendant failed to perform a plain duty imposed upon him by statute with respect to making an order for relator's discharge, and the granting of a peremptory writ of mandamus to compel him so to do was entirely proper. If the order di-. recting the issuance of the mandamus and specifying what it should contain had no further provision, there would be no question concerning it. The order, however, has a further clause reading as follows:

"And also commanding and directing the superintendent, warden or sheriff in charge of said workhouse to forthwith comply with the terms and conditions of the said written order so transmitted by said John V. Coggey, as commissioner of corrections of the city of New York."

If this provision be interpreted as a command to the superintendent or warden of the workhouse to discharge relator upon the order of

defendant without the written consent of the magistrate who committed her being indorsed thereon, it is erroneous.

The statute is entirely plain that, where a person has been committed for vagrancy, he shall not be discharged upon the order of the commissioner unless the magistrate or court before whom the conviction was had and the commitment made shall indorse thereon his consent in writing. The superintendent or warden would violate his duty if he discharged a person so committed upon the order of the commissioner alone without the written consent of the magistrate or court. This court has held in People ex rel. Abrams v. Fox, 77 App. Div. 245, 79 N. Y. Supp. 56, that such provision of the law requiring the consent to discharge of the committing magistrate was constitutional, and it is manifestly a wholesome one. The various committing magistrates of the city have to deal with an enormous number of persons guilty of such acts as to make them vagrants. The statute compels all vagrants to be sentenced for a definite period of six months. Some no doubt ought to serve the full period and others possibly a much less term of imprisonment. The magistrate must necessarily know more respecting these persons than the commissioner of corrections or the wardens of the various institutions to which they are committed. The law, therefore, very wisely provides that, in case of conviction and commitment for vagrancy, the question of discharge before the expiration of the six months shall be submitted to the committing magistrate or court for his or its approval, which approval shall be evidenced by his written consent indorsed upon the order which the commissioner of corrections is directed by law to make.

While the relator was entitled to have the defendant commissioner make an order in her behalf and such an order as the facts permitted, she was not entitled to be discharged upon that order without the approval of the magistrate or court which convicted and committed her. The defendant commissioner should make his order and transmit it to the superintendent or warden of the institution, and the relator can then, if she be able, procure the written consent to her discharge of the magistrate before whom she was convicted. If he consents, she may then be released according to the provisions of the order, but, if he refuses, she must serve her full term of commitment.

The order appealed from should be modified by striking out that portion above quoted, and, as so modified, affirmed. All concur.